IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICKI G. WYMORE, | ) | CASE NO. 4:06CV3079 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | AWARD OF ATTORNEY FEE |
| | ) | PURSUANT TO THE EAJA |
| MICHAEL J. ASTRUE, as | ) | |
| Commissioner for the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On February 8, 2007, the Court filed a Judgment reversing the decision of the Administrative Law Judge and remanding the case for further proceedings consistent with the Court's Memorandum and Order.

Counsel for Plaintiff Ricki G. Wymore filed an application for attorney's fees that is supported by the affidavit of counsel, Stephen Speicher. Attorney Speicher seeks fees in the amount of $7,080.51, representing 79.20 hours of work: 37.25 hours of attorney time and 41.95 hours of paralegal time. In addition, he seeks $367.58 for 2.25 hours of attorney time expended to address objections to the attorney's fee award. The Defendant concedes that this is the kind of case in which an award of fees is justified, but the Defendant objects to the amount of fees requested as unreasonable. In particular, the Defendant asks the Court to make an independent evaluation of the reasonableness of the fee request using the lodestar analysis. Defendant specifically objects to 13.5 hours of attorney time for which there was no contemporaneous description for the work performed, and to 17.75 hours of paralegal time spent on one Dictionary of Occupational Titles research issue.

The Court remanded this case pursuant to sentence four of 42 U.S.C. §405(g), and therefore, the Plaintiff is a "prevailing party" who is entitled to a reasonable attorney fee award. The law requires that the requested fee be "reasonable." 28 U.S.C. § 2412(d)(2)(A). The Court has conducted an independent evaluation of the statement for professional services by considering the hourly rate charged by the attorney and legal assistant, and has analyzed the number of hours expended on the case and the type of work performed to ensure that the award is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The affidavit offered in support of the application states that the hourly rate claimed for the attorney work is $162.89, and for the legal assistant work is $25. (Filing No. 24, Affidavit of Counsel, ¶¶ 7-9) The Court finds that the hourly rate claimed by the attorney and his legal assistant are reasonable given their expertise in area of social security benefits law and other attorney fee awards that have been approved as reasonable by this Court in similar cases.

In considering the reasonableness of the time expended on the appeal, the Court finds that counsel failed properly to record the time he spent and descriptions of the work performed on the briefs over several days. This omission contravenes the requirements of the Equal Access to Justice Act and the Court's local rules, NECivR 54.4. The EAJA requires an itemized statement of the "actual time expended." *See* 28 U.S.C. § 2412(d)(1)(B). Plaintiff counsel's application requests 13.5 hours for time that the attorney admits is a "discounted" estimate. Because the 13.5 hours is admittedly an estimate and no description for the work was recorded contemporaneously with the work being performed, the Court finds that a reduction is appropriate. The court will allow 6 hours for time spent on these activities. This reduction reflects both the Court's refusal to engage

in speculation and the Court's need for proper record-keeping as required by the EAJA and the local rules of the Court.

In addition, the Court concludes that the amount of time spent on the investigation of the DOT descriptions was disproportionate to the need for that level of detail and the results obtained on that particular argument. While some tasks are labor-intensive and appropriately delegated by the attorney to the legal assistant, such as in this case, the attorney must exercise supervision and judgment in pursuing these efforts keeping in mind a cost/benefit view of the end result. The Court will approve five hours of the 17.75 hours worked on the DOT argument.

Thus, the award is calculated as follows:

| | | | |
|---|---|---|---|
| Legal Assistant: | $ 25 rate | x 29.2 hours | = $ 730.00 |
| | | (41.95 hours - 12.75) | |
| Lawyer: | $162.89 rate | x 29.75 | = $4,845.98 |
| | | (37.25 hours - 7.5) | |
| | $163.37 | x 2.25 | = $ 367.58 |
| | | **Total:** | **= $5,943.56** |

The Court concludes that the application should be approved in the amount of $5,943.56, representing a reasonable attorney fee under the EAJA and the facts of this case. Accordingly,

3

IT IS ORDERED:

Plaintiff's Motions for Attorney Fees (Filing Nos. 24 and 26) are granted in part and denied in part as follows: Plaintiff is awarded a reasonable attorney fee in the amount of $5,943.56 to be paid by Defendant directly to Plaintiff's counsel, Stephen Speicher; and the motions are denied in all other respects.

DATED this 17th day of September, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge